UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Woods,

    Plaintiff,

v.

Major Brown, et al.,

    Defendants.

Case No. 3:24-cv-00595-JGC

**ORDER**

### Introduction

Pro se Plaintiff George Woods, an Ohio prisoner incarcerated in the Toledo Correctional Institution ("TCI"), has filed a prisoner civil rights complaint under 42 U.S.C. § 1983 against TCI Warden Kimberly Henderson, TCI employees "Brown" and "Swartz," and Ohio Department of Rehabilitation and Corrections Director Annette Chambers Smith. (Doc. 1). Plaintiff asserts violations of his rights to equal protection under the Fourteenth Amendment and against cruel and unusual punishment under the Eighth Amendment. (*Id.* at PgID. 3).

In his brief statement in support of his claims, Plaintiff states that in April 2023, he was assaulted in the chow hall by another inmate with a steel lock tied in a sock. (*Id*. at PgID. 5). He states that, because of the assault, he sustained injuries to his eye and head, experienced loss of vision, and is now required to take aspirin every day for the rest of his life. (*Id.*).

Plaintiff provides no further allegations or factual explanation in his complaint with respect to his claims. He simply states that he filed a grievance, with "no result," in which he claimed "lack of supervision for [his] safety" and stated how his injuries affected him. (*Id*. at PgID. 7). He seeks $75,000 in damages. (*Id.* at PgID. 5).

Plaintiff did not pay the filing fee and instead filed a motion to proceed in forma

1

pauperis. (Doc. 2). That motion is deficient because Plaintiff did not make a sincere attempt to fill out the form application. He did not supply an answer to any question of that application and did not provide a copy of his prisoner account statement as required.

I find it would be futile, however, to require Plaintiff to cure the deficiency in his in forma pauperis application because, for the following reasons, I find his complaint warrants summary dismissal pursuant to 28 U.S.C. § 1915A.

**Standard of Review**

Although federal courts must construe pro se complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), that principle is not without limits. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding pro se must still meet basic pleading requirements, and courts need not "conjure allegations on [their] behalf" or construct claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

28 U.S.C. § 1915A requires district courts to review all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals under § 1915A). The "plausibility" standard applied to a complaint "is not akin to a 'probability requirement,' but it asks for more than a sheer

2

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## Discussion

Even liberally construed, Plaintiff's complaint fails to state a plausible constitutional claim upon which he may be granted relief under § 1983.

First, his allegations are insufficient to state a plausible Eighth Amendment claim. The Eighth Amendment places restraints on prison officials and requires them to "take reasonable measures to guarantee the safety of the inmates," including reasonable measures to protect them from harm from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish a violation under the Eighth Amendment, a plaintiff must show that a prison official acted with "deliberate indifference" to the plaintiff's safety. *Farmer*, 511 U.S. at 834.

This standard requires a plaintiff to demonstrate both objective and subjective components. He must show that he suffered a deprivation or harm that is "sufficiently serious" (the objective component) and that the prison official in question had "a sufficiently culpable state of mind" (the subjective component) regarding the harm or deprivation alleged. *Id*. at 834. A "sufficiently culpable state of mind" is greater than negligence or inadvertence on the part of a prison official. A prison official cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Thus, to state a claim, "a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health [or safety], (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty*., 625 F.3d 935, 941 (6th Cir. 2010); *see also*

3

*Cardinal v. Metrish*, 564 F.3d 794, 801–02 (6th Cir. 2009).

Plaintiff's complaint does not contain allegations sufficient to make out the required subjective component of a deliberate indifference claim with respect to any Defendant. Plaintiff has not alleged facts plausibly suggesting that any Defendant subjectively perceived or drew an inference that Plaintiff faced a substantial risk of serious harm at the hands of another inmate. Plaintiff also does not allege facts plausibly suggesting that any Defendant then consciously disregarded such a risk. Further, Plaintiff has failed to state a plausible claim to the extent he seeks to hold any Defendant liable for the conduct of subordinates. There is no vicarious liability under § 1983, and supervisory officials cannot be liable for constitutional violations solely based on respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Second, Plaintiff has failed to allege a plausible constitutional equal protection claim. "To state an equal protection claim, a plaintiff must adequately plead that [a government defendant] treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal citation and quotation marks omitted). Plaintiff does not allege that he is a member of a suspect class or that he was treated less favorably than another similarly situated inmate without a rational basis.

## Conclusion

For the foregoing reasons, it is, therefore, ORDERED THAT:

1. Plaintiff's complaint, (Doc. 1), be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915A;

2. Plaintiff's motion to proceed in forma pauperis, (Doc. 2), be, and the same

4

hereby is, therefore dismissed as moot; and

3. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

*/s/ James G. Carr*

Sr. U.S. District Judge
